**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-10-047-RAW |
| | ) | |
| SPARKY JOE MULLINS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court are various filings involving a writ of execution by the government. Defendant was convicted by a jury of two counts of making a false statement in violation of 18 U.S.C. §1001(a)(2). This court sentenced him to five years probation as to each count, with a $200 special assessment, a $250,000 fine and a restitution order of $50,713. Defendant has made no voluntary payments, but the government indicates it has recovered a little money via a "treasury offset."

The government filed a motion for writ of execution (#82) and an amended motion (#87). The defendant filed a claim for exemption (#91) and motion for hearing (#92). Defendant's daughter, Jami Mullins, filed entry of appearance and reservation of time (#93). She then filed her own objection to the writ of execution (#102). This matter came on for hearing on November 19, 2013. The parties made oral presentations in lieu of testimony, and the court requested that they file proposed undisputed facts. This has been done.

After review of the present record, the court finds that the objections should be denied. Viewed as a whole, the parties' "undisputed" facts plausibly lead to conflicting

inferences and therefore the bases for the pending objections have not been established. This is particularly true regarding Jami Mullins's argument that a resulting trust was created regarding the property on Susan Avenue in Wagoner, Oklahoma. Under Oklahoma law, when legal title to real property is conveyed to one person and another person furnishes the consideration for the property, a presumption arises that the person who furnished the funds to purchase the property intended to acquire the equitable interest in that property. *Boatright v. Perkins,* 894 P.2d 1091 (Okla.1995). *See also* 60 O.S. §137. "It is the burden of the party seeking to establish the [resulting] trust to prove its existence by clear and decisive evidence." *Estate of Metz,* 256 P.3d 45, 52 (Okla.Ct.App.2011). Jami Mullins has failed to meet her burden of proof.

As to the defendant himself, he argues that (1) his daughter owns the propery and (2) some payments made on the property for his daughter's benefit came from his VA disability payments and such disability payments are exempt. Regarding (2), the court agrees with the government that using exempt funds to purchase a non-exempt asset does not make the latter exempt.[*]

Regarding (1), it appears to be undisputed that while the property at 408 S. Susan Avenue, Wagoner, Oklahoma, is presently in the name of Jami Mullins, this was as the result of a quitclaim deed executed on January 2, 2013, which was after the government had filed

---

[*]As a subsidiary argument, the government denies that the payments to defendant are exempt, asserting the defendant was not disabled in military service. *See* 38 U.S.C. §101(16) (referring to "line of duty in the active military"). The court does not rule on this contention.

2

its notice of judgment and its writ of execution. No evidence has been presented that Jami paid the consideration for the property at the time of purchase.

It is the order of the court that the claim for exemption (#91) and the objection (#102) are hereby denied.

**ORDERED THIS 8th DAY OF JANUARY, 2014.**

**Dated this 8th day of January, 2014.**

*Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma